367030.1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **DONNA MULHOLLAND** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 2:12-CV-00174** |
| | § | |
| **BANK OF AMERICA, N.A.** | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW **Donna Mulholland**, Plaintiff, and **Bank of America, N.A.**, Defendant, and file this Joint Discovery/Case Management Plan pursuant to this Court's Order of July 3, 2012, and respectfully show unto the Court the following:

1. State where and when the conference among the parties required by Federal Rule of Civil Procedure 26(f) was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email address.

    **The 26(f) conference was held via teleconference on August 13, 2012, by counsel for Plaintiff, Erika Neill, ZELESKEY LAW FIRM PLLC, P. O. Drawer 1728, Lufkin, Texas 75902-1728, Texas State Bar No. 24070037, (936) 632-3381, Fax: (936) 632-6545, _eneill@zeleskey.com_, Associate Attorney to Scott C. Skelton, ZELESKEY LAW FIRM PLLC, P. O. Drawer 1728, Lufkin, Texas 75902-1728, Texas State Bar No. 00784979, (936) 632-3381, Fax: (936) 632-6545, _sskelton@zeleskey.com_, and counsel for Defendant, Brian G. Patterson, MCGUIRE WOODS LLP, 600 Travis, Suite 7500, Houston, Texas 77002, (713) 571-9191, Fax: (713) 571-9652, Texas State Bar No. 24042974, Federal Bar No.: 909785, _bpatterson@mcguirewoods.com_.**

2. List the name, bar number, address, email address, and telephone number of counsel and any unrepresented person who will appear at the Scheduling Conference on behalf of the parties. Appearing counsel must be an attorney of record, have full authority to bind clients and enter into stipulations regarding all matters that may be discussed.

    **The following attorneys anticipate attending the Scheduling Conference:**

    **On behalf of Plaintiff:**   Scott C. Skelton, ZELESKEY LAW FIRM PLLC, P. O. Drawer 1728, Lufkin, Texas 75902-1728, Texas State Bar No. 00784979, (936) 632-3381, Fax: (936) 632-6545, _sskelton@zeleskey.com_;

**On behalf of Defendant:** Brian G. Patterson, McGuire Woods LLP, 600 Travis, Suite 7500, Houston, Texas 77002, (713) 571-9191, Fax: (713) 571-9652, Texas State Bar No. 24042974, Federal Bar No.: 909785, *bpatterson@mcguirewoods.com*.

3. List the correct names of the parties to this action.

   **Donna Mulholland, Plaintiff**
   **Bank of America, N.A., Defendant**

4. List any related cases pending in any state or federal court. Include the case numbers, the courts, and how they are related.

   **None.**

5. Briefly describe in 3 pages or less: (a) What this case is about and (b) Each claim or defense.

   **PLAINTIFF'S CLAIMS: This suit is a discrimination claim brought by Plaintiff Mulholland pursuant to Title VII and the ADEA. Plaintiff alleges she was wrongfully terminated by Defendant Bank of America because she is African American and over forty (40) years old.**

   **Plaintiff served as a valued employee for Defendant for numerous years. When she was terminated she served as a branch manager for Defendant. Defendant continuously rewarded her for her work performance and her ability to work with and motivate her employees. However, in December of 2010 she was informed by her supervisor she was being terminated for failure to meet year end goals and objectives. This was shortly after she received notice from Defendant that all employees at her branch would receive quarterly incentives for the branch's performance. Accordingly, Defendant's stated reason for Plaintiff's termination is merely a pretext for Defendant's true reason for Plaintiff's termination: she was African American and over the age of forty (40).**

   **DEFENDANT'S DEFENSES: Defendant denies that it discriminated against Plaintiff. The employment decisions about which Plaintiff complains were based on legitimate, non-discriminatory business reasons. All actions taken by Defendant with respect to Plaintiff, if any, were justified, privileged, reasonable, made in furtherance of a common interest, taken in good faith, without any improper motive, purpose or means and/or without any hatred, ill will, malice, intent to injure, or reckless disregard to the rights of Plaintiff. Defendant had policies and procedures in effect, and exercised reasonable care, to prevent and promptly correct the alleged unlawful conduct, and Plaintiff unreasonably failed to avail herself of those policies and procedures.**

367030.1

6.     Specify the basis of federal jurisdiction.

    **The Court has jurisdiction over the lawsuit because the action arises under Title VII, 42 U.S.C. §2000e *et seq*. and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 *et seq*.**

7.     Identify the parties who disagree with Plaintiff's jurisdictional allegations and state the reasons for disagreement.

    **No party contests jurisdiction at this time.**

8.     List anticipated additional parties that may be included, when they might be added and by whom.

    **None.**

9.     List anticipated intervenors.

    **None.**

10.     Describe any class-action or collective-action issues.

    **None.**

11.     State whether the parties are exempt from initial disclosures under Rule 26(a)(1)(B).

    **Neither party is exempt from initial disclosures.**

12.     Describe the proposed discovery/case management plan, including:

    (a)    In accordance with Rule 26(f):

        (1)    Any changes that should be made in the timing, form, or requirement for disclosures under Rule 26(a), including when the initial disclosures were made or will be made;

            **No changes to timing, form or requirements for disclosures under Rule 26(a) are anticipated at this time.**

(2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on limited issues;

**Discovery should be completed by February 25, 2013. It is not anticipated that discovery should be conducted in phases or be limited to or focused on limited issues.**

(3) Any issues relating to disclosure and discovery of electronically stored information (ESI), including the form(s) in which it should be produced;

**The parties agree to preserve ESI and all information in paper form. The parties do not believe there are any issues relating to disclosure or discovery of electronically stored information (ESI), including the form(s) in which it should be produced. The parties are amenable to producing ESI by CD or thumb drive.**

(4) The steps already taken or that will be taken for preserving discoverable information, including ESI;

**Counsel for Plaintiff has notified Plaintiff to preserve all information relating to this suit and her employment with Defendant. Defendant has instigated a litigation hold to preserve all information relating to this suit.**

(5) Any issues relating to claims of privilege or protection, including whether any agreement has been reached as to inadvertent production;

**The parties have agreed to the Court's standard protective order. The parties will serve their privilege log on opposing counsel no later than 11/21/12. The parties will return any document that was inadvertently produced by the opposing party within seven days of being notified of the inadvertent production.**

(6) Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.

**The parties do not believe any changes should be made in the limitations on discovery imposed by the Rules nor do the parties believe other limitations should be imposed.**

367030.1

(b) Of whom and by when Plaintiff anticipates taking oral depositions.

**Plaintiff anticipates taking oral depositions prior to February 25, 2013. Since initial disclosures have not been exchanges, Plaintiff has not determined of whom depositions will be taken.**

(c) Of whom and by when Defendant anticipates taking oral depositions.

**Defendant anticipates taking oral depositions prior to February 25, 2013. Defendant anticipates taking the oral deposition of Plaintiff Mulholland.**

(d) When Plaintiff (or the party with the burden of proof on an issue) anticipates taking expert depositions and the anticipated completion date.

**Expert depositions are not anticipated in this matter. However, should such depositions be required, Plaintiff anticipates taking said depositions prior to February 25, 2013.**

(e) When the opposing party anticipates taking expert depositions and the anticipated completion date.

**Expert depositions are not anticipated in this matter. However, should such depositions be required, Defendant anticipates taking said depositions prior to February 25, 2013.**

(f) Whether the Court should authorize the filing under seal of any documents containing confidential information.

**It is not anticipated that either party will file documents under seal.**

(g) If the parties disagree on any part of the discovery plan, describe the opposing views.

**Parties are in agreement regarding the discovery plan.**

13. Specify any discovery beyond the initial disclosures that has taken place to date.

**No discovery has been conducted to date.**

14. State the progress made toward settlement, and the present status of settlement negotiations by providing the information set out below.

   (a) Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.

   **Plaintiff made an initial settlement demand on August 21, 2012.**

   **Defendant is considering same.**

   (b) Describe what each party has done or agreed to do to bring about a prompt resolution of this case.

   **Plaintiff has proposed Randy Akin of Marshall, Texas, as a mediator in this matter, and will mediate at any time.**

   **Defendant has requested that Plaintiff make a reasonable settlement demand.**

   (c) State whether a demand and an offer have been made.

   **Plaintiff has made an initial settlement demand .**

   (d) If the parties have agreed on a specific mediator, state the name and address of the mediator and at what stages of the litigation mediation is most appropriate.

   **The parties have not agreed on a specific mediator.**

15. United States Magistrate Judges are vested with full authority to try both jury and nonjury trials. State whether the parties agree to trial before a United States Magistrate Judge.

   **The parties do not agree to try this matter before a magistrate.**

16. State whether a jury demand has been made and if it was made on time.

   **Plaintiff timely made a jury demand when filing its Original Complaint on April 4, 2012.**

17. Specify the approximate number of hours each party will need to present evidence and cross-examine witnesses in the trial of this case.

   **Plaintiff believes it will need approximately twelve hours to present evidence and cross-examine witnesses. However, Plaintiff will have a more accurate guestimate as to trial time constraints once initial disclosures have been exchanged.**

367030.1

**Defendant believes it will need approximately twelve hours to present evidence and cross-examine witnesses. However, Defendant will have a more accurate guestimate as to time constraints once initial disclosures have been exchanged.**

18. List all pending motions.

    **None.**

19. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the Scheduling Conference.

    **None.**

20. Certify that all parties have filed Disclosure of Interested Persons as directed in paragraph 3 in the **Order to Meet, Report, and Appear at Scheduling Conference**, listing the date of the original and any amendments.

    **Both parties certify that they have filed Disclosure of Interested Persons.**

21. <u>Proposed Dates for Scheduling</u>.  Please review the proposed deadlines for many of the pretrial events (listed below) that will be scheduled for this case. Both the events and the proposed dates are intended to give the parties guidance in (1) formulating answers to the other parts of this questionnaire and (2) scheduling the events preceding the trial. The Scheduling and Discovery Order that will be entered at the Scheduling Conference will necessarily be more specific, more detailed, and contain additional matters and discovery limitations. The Court's suggested dates and events may be appropriate for this case. <u>If not</u>, please propose suggested modifications that the parties believe are suited for this lawsuit.

    As indicated below by asterisks, some dates and events are "firm" and are not to be changed due to limited judicial resources and the Court's calendar.

    **The parties are amenable to the proposed dates set by the Court.**

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PARTIES' PROPOSED DATES |
|---|---|---|
| **Rule 26(f) meeting*** | **August 14, 2012** | |
| File case management plan* | **August 21, 2012** | |
| Rule 16(b) scheduling conference* | **August 28, 2012 @ 10:00 a.m.** Before U.S. Magistrate Judge Caroline M. Craven, Texarkana, TX | |
| Deadline to serve initial disclosures | **September 18, 2012** | |
| Deadline to add additional parties | **October 9, 2012** | |
| Deadline to amend pleadings | **October 9, 2012** | |
| Deadline to file motions to dismiss | **October 22, 2012** | |
| Deadline to exchange privilege logs | **November 21, 2012** | |
| Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof | **December 21, 2012** | |
| Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof | **January 25, 2013** | |
| Deadline to notify Court of mediator | **January 25, 2013** | |
| Discovery deadline | **February 25, 2013** | |
| Deadline to complete **required** mediation | **March 4, 2013** | |
| Deadline for dispositive motions (including *Daubert* motions) | **March 11, 2013** | |
| Deadline for parties to exchange pretrial disclosures | **April 25, 2013** | |
| Deadline for parties to exchange objections to pretrial disclosures | **May 10, 2013** | |
| Deadline for parties to meet and confer on objections | **May 17, 2013** | |
| Deadline to file pretrial materials | **May 24, 2013** | |
| Deadline for parties to exchange exhibits | **June 20, 2013** | |
| Pretrial conference and trial setting | **June 25, 2013 @ 10:00 a.m.** Before U.S. Magistrate Judge Caroline M. Craven in Texarkana TX, 4th Floor Courtroom | |

367030.1

SIGNED this   21ˢᵗ   day of August, 2012.

                                            Respectfully submitted,

              By:   */s/ Scott C. Skelton*
                   Scott C. Skelton
                   State Bar No. 00784979
                   **ZELESKEY LAW FIRM PLLC**
                   P. O. Drawer 1728
                   Lufkin, Texas 75902-1728
                   (936) 632-3381
                   Fax: (936) 632-6545
                   *sskelton@zeleskey.com*
                   ***Attorneys for Plaintiff***

              By:   */s/ Brian G. Patterson*
                   Brian G. Patterson
                   State Bar No.: 24042974
                   Federal Bar No.: 909785
                   **MCGUIRE WOODS LLP**
                   600 Travis, Suite 7500
                   Houston, TX   77002
                   (713) 571-9191
                   Fax: (713) 571-9652
                   *bpatterson@mcguirewoods.com*
                   ***Attorneys for Defendant***